UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff/Respondent,<br><br>           v.<br><br>JUAN CASAS BENITEZ,<br><br>    Defendant/Movant. | NO. CR-02-0299-EFS<br>[NO. CV-05-0082-EFS]<br><br>**ORDER DISMISSING IN PART AND HOLDING IN ABEYANCE IN PART DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255** |

BEFORE THE COURT is Defendant Juan Casas Benitez's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, (Ct. Rec. 36). Under Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, Mr. Casas Benitez's motion is hereby considered to determine whether the Court should summarily dismiss the motion or order the Plaintiff to answer. *See* Rule 4(a), 28 foll. § 2255.

Section 2255 of Title 28 allows a prisoner in custody to attack a sentence on the grounds that such sentence was imposed in violation of the federal constitution or law, the Court did not have jurisdiction to impose such a sentence, the sentence was in excess of the maximum authorized by law, and/or otherwise subject to collateral attack. 28

ORDER * 1

U.S.C. § 2255. Yet, in order to bring such a suit, the petitioner must file suit within a year of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

Defendant does not specify why his petition is timely. Mr. Casas Benitez was sentenced on October 9, 2003, (Ct. Rec. 28), and the Judgment in a Criminal Case, (Ct. Rec. 29), was entered on October 10, 2003. The Defendant's conviction became final ten days after the entry of the Judgment. FED. R. APP. PROC. 4(b)(1)(A)(I); *see United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001); 28 U.S.C. § 2244(d)(1). Accordingly, subsection (1) is not applicable as over eighteen months passed between the date the judgment became final and the filing of this petition on April 21, 2005.

Mr. Casas Benitez seeks habeas relief in part on grounds related to his Sixth Amendment rights as addressed in "Booker/Blakely." The Court presumes Mr. Casas-Benitez is relying upon the United States Supreme Court decisions in *Blakely v. Washington*, 124 S. Ct. 2531 (2004), and in particular *United States v. Booker*, 125 S. Ct. 738 (2005), because he was sentenced under the United States Sentencing Guidelines. In the context of addressing a 28 U.S.C. § 2254 habeas petition that raised issues

ORDER * 2

related to a state sentence prior to *Blakely*, the Ninth Circuit in *Schardt v. Payne*, 414 F.3d 1025, 1034 (9th Cir. 2005), "that *Blakely* did not announce a watershed rule of criminal procedure." This Court is of the opinion the Ninth Circuit's analysis in *Schardt* applies also to initial § 2255 motions and that *Booker's* extension of *Blakely* to the federal sentencing guidelines is also not a retroactive "watershed rule of law," which would thereby allow the one-year limitation to begin running from the date of *Blakely* or *Booker* under 28 U.S.C. § 2255(3). *See, e.g. Cirilo-Munoz v. United States*, 404 F.3d 527 (1st Cir. 2005); *Guzman v. United States*, 404 F.3d 139 (2d Cir. 2005); *Lloyd v. United States*, 407 F.3d 608 (3rd Cir. 2005); *In re Elwood*, 408 F.3d 211 (5th Cir. 2005); *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005); *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005); *United States v. Price*, 400 F.3d 844 (10th Cir. 2005); *Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005). Therefore, the Court determines § 2255(3) is inapplicable and, thus, the one-year period began to run on the date Mr. Casas-Benitez's conviction became final, over eighteen months prior to the filing of this petition. *See United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001); 28 U.S.C. § 2241(d)(1). For these reasons, the Court dismisses, with prejudice, the Defendant's petition in part.

Defendant also seeks habeas relief on grounds he was denied effective assistance of counsel because his attorney "did not object to the unconstitutional enhancements made by the court." Defendant does not identify why these claims are timely brought within § 2255's one-year limitation. Accordingly, Defendant is ordered to show cause within

ORDER * 3

thirty days of entry of this Order why this ground for relief under 28 U.S.C. § 2255 have been timely filed or that there is some basis for equitable tolling (suspending the limtiations period).  **Defendant is warned that failure to respond within thirty days of this Order will result in the denial of his remaining habeas petition as untimely.**  In addition, the Court cautions Defendant that § 2255 places a restriction on second or successive habeas petitions.

Accordingly, **IT IS HEREBY ORDERED:**  Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, **(Ct. Rec. 36)**, is **DISMISSED IN PART WITH PREJUDICE** (*Blakely/Booker* claims) and **HELD IN ABEYANCE IN PART** (Defendant is to advise Court **within thirty days** as to why the remaining claim is timely and/or why the statute of limitations is tolled).

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order and provide a copy to the Defendant:

>  Juan Casas-Benitez # 10697-085
>  F.C.I. - Sheridan
>  P. O. Box 5000
>  Sheridan, OR 97378

**DATED** this   25th   day of August, 2005.

>  S/ Edward F. Shea
>  EDWARD F. SHEA
>  United States District Judge

Q:\Criminal\2002\0299.habeas.booker.wpd

ORDER * 4