UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff/Respondent,<br><br>             v.<br><br>JUAN CASAS BENITEZ,<br><br>       Defendant/Movant. | NO. CR-02-0299-EFS<br>[NO. CV-05-116-EFS]<br><br>**ORDER DISMISSING THE REMAINDER OF MOVANT'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY AND DENYING MOVANT'S REQUEST FOR (COA)** |

BEFORE THE COURT is Movant Juan Casas Benitez's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Ct. Rec. 36) and Request for (COA) (Ct. Rec. 39). On August 25, 2005, the Court dismissed Movant's first ground for habeas relief ("Sixth Amendment right to trial violation under Booker/Blakely") because the claim was untimely under 28 U.S.C. § 2255. (Ct. Rec. 37 at 3.) However, prior to dismissing Movant's second ground for habeas relief ("Ineffective Assistance of Counsel"), the Court granted Movant leave to explain why the second ground was timely under § 2255. *Id.* at 3-4. Thereafter, in a brief received by the Court on September 9, 2005, Movant asserted the second ground for habeas relief is timely (1) under equitable tolling principles and (2) because the facts supporting his claim were not discovered until April 2005, after the United States

ORDER * 1

Supreme Court issued its ruling in *United States v. Booker*, 125 S. Ct. 738 (2005).  Further, Movant explains the second ground for habeas relief is based on his attorney's failure to "object to unlawful *Booker* enhancements." (Ct. Rec. 38.)  Movant also requests the Court issue a certificate of appealability with regard to his first ground for habeas relief. (Ct. Rec. 39.)

**A. Ground Two: Ineffective Assistance of Counsel**

The right to effective assistance of counsel in criminal proceedings is bestowed by the Sixth Amendment.  This right is violated when defense counsel's performance falls below an objective standard of reasonableness and the criminal defendant is prejudiced by such deficiency. *Strickland v. Wash.*, 466 U.S. 668, 687 (1984).  Counsel's decisions are "examined according to what was known and reasonable at the time the attorney made his choices." *Hendricks v. Caleron*, 70 F.3d 1032, 1036 (9th Cir. 1995). Accordingly, a court must defer to defense counsel's decision if it was within the range of reasonable professional assistance. *See Lang v. Callahan*, 788 F.2d 1416 (9th Cir. 1986); *United States v. Ferreira-Alameda*, 804 F.2d 543, 546 (9th Cir. 1986).  A criminal defendant is prejudiced if there was a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Based on the standards set forth above, the Court finds Movant's claim of ineffective assistance is without merit.  Movant's only assertion of prejudicial conduct is that his attorney failed to object

to "unlawful Booker enhancements." (Ct. Rec. 38 at 2.)[1]  This claim is without merit because at the time of Movant's sentencing, October 9, 2003, *Booker* had not yet been decided. *See Booker*, 125 S. Ct. at 738 (decided January 12, 2005).  Because *Booker* had not been decided when Movant was sentenced, defense counsel's decision to not make objections under or consistent with the ruling in *Booker* cannot be deemed to have fallen below the objective standard of reasonableness required of Movant's counsel.  Thus, as a matter of law, the Court finds Movant's Sixth Amendment right to effective assistance of counsel was not violated and dismisses Movant's second ground for habeas relief.  Consequently, no determination of whether Movant's second ground for habeas relief was timely filed need be made.

**B. Request for Certificate of Appealability**

Upon issuance of the Court's Order Dismissing in Part and Holding in Abeyance in Part Movant's Motion Under 28 U.S.C. § 2255, Movant filed a Notice of Appeal and Request for [Certificate of Appealability] (COA) ("Notice"). (Ct. Rec. 39.)  Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."

A one-year period of limitation applies to § 2255 petitions. 28 U.S.C. § 2255.  On occasion, the one-year time period begins running on the date

---

[1] The Court presumes Movant is referencing sentencing enhancements once mandated by the United State Sentencing Guidelines.

ORDER * 3

the right asserted [in the petition] was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

28 U.S.C. § 2255(3).

In his Notice, Movant asserts that his "Booker/Blakely" claim is timely under § 2255(3) because the "right" identified by the Supreme Court in *Booker* was not recognized more than one-year prior to the filing of Movant's § 2255 petition.  However, because the "right" identified in *Booker* is not retroactive with regard to § 2255 petitions, *United States v. Cruz*, 423 F.3d 1119 (9th Cir. 2005), Movant's appeal has no merit. Accordingly, the Court finds Movant has not made a substantial showing of the denial of a constitutional right and pursuant to 28 U.S.C. § 2253(c)(2), his request for a certificate of appealability is denied.

Accordingly,  **IT IS HEREBY ORDERED:**

1. Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody **(Ct. Rec. 36)** is **DISMISSED** (ineffective assistance of counsel claim); and

2. Movant's Request for (COA) **(Ct. Rec. 39)** is **DENIED.**

///
///
///
///
///
///
///
///
///

ORDER * 4

1    **IT IS SO ORDERED.**  The District Court Executive is directed to enter

2   this Order and provide a copy to the Movant at the address provided

3   below, and close the civil file.

4                    Juan Casas-Benitez # 10697-085

5                    F.C.I. - Sheridan

6                    P. O. Box 5000
                     Sheridan, OR 97378

7

8       **DATED** this _25th_ day of October, 2005.

9                         _S/ Edward F. Shea_

10                          EDWARD F. SHEA
                      United States District Judge

11   Q:\Criminal\2002\0299.habeas.coa.wpd

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER * 5